FILED
2022 Aug-08  PM 04:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| JONATHAN BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | _____ |
| ROBERT BOSCH POWER TOOL, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendant Robert Bosch Tool Corporation ("Bosch") incorrectly named as "Robert Bosch Power Tool" hereby gives notice of the removal of the above-styled action from the Circuit Court of Tuscaloosa County, Alabama to the United States District Court for the Northern District of Alabama, Western Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  As grounds for removal, Bosch states as follows:

### BACKGROUND

1.      Plaintiff Jonathan Banks commenced this action on July 5, 2022, by filing a Complaint in the Circuit Court of Tuscaloosa County, Alabama.  The case was assigned case number CV-2020-9000572, and the entire state court file is attached hereto as **Exhibit A**.  The Complaint itself is attached hereto as **Exhibit B**.

2.      Plaintiff alleges that, on or about August 7, 2020, he was permanently injured in an accident while operating a "Robert Bosch Power Tool Palm Router PR20EVS Serial Number 9170 and offset base with roller guide attachment" during the course of his employment at Remmert & Company, Inc.  Ex. B at ¶¶ 4–5. Plaintiff alleges the palm router was turned on before being plugged in and the palm router therefore lacked the appropriate safety devices to prevent the router inadvertently starting. Plaintiff's Complaint asserts counts of product liability under the Alabama Extended Manufacturer's Liability Doctrine, negligence, wantonness, and breach of express and implied warranties against Bosch and fictitious defendants whose identities have not been ascertained. *See generally id*. Plaintiff seeks compensatory and exemplary/punitive damages for alleged permanent injuries, permanent disability, pain and suffering, mental anguish, lost wages, and lost earning capacity. *See generally id*. Bosch denies each and every one of Plaintiff's allegations.

GROUNDS FOR REMOVAL

3.      This removal is based on diversity of citizenship.  Under 28 U.S.C. § 1441, a defendant may remove a civil action originally filed in a state court to the federal district court when the district court has original jurisdiction to consider the case. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by

2

the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). "Original jurisdiction requires diversity of the parties or the existence of a federal question." *See Loss Mountain Homeowners Ass'n v. Rice*, 248 Fed. Appx. 114, 115 (11th Cir. 2007).

4.      This Court has original federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), because Plaintiff and Bosch are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      The United States District Court for the Northern District of Alabama, Western Division, encompasses the Circuit Court of Tuscaloosa County, Alabama, so removal to this Court is proper. *See* 28 U.S.C. § 81(a)(5) and § 1441(b).

6.      Bosch was served with a copy of the Complaint on July 7, 2022. *See* Summons, **Ex. A**. Bosch files this removal within thirty (30) days of receipt of Plaintiff's motion for conditional intervention, and thus removal is timely under 28 U.S.C. § 1446(b)(3).

DIVERSITY OF CITIZENSHIP

7.      Plaintiff and Bosch are citizens of different states, and no other named or served defendant is a citizen of Alabama; thus there is complete diversity of citizenship under 28 U.S.C. § 1332(a)(1) and § 1441(b).

8.      Plaintiff is a resident citizen of Alabama. *See* Ex. B at ¶ 1.

9.      For purposes of diversity jurisdiction, a corporation is a citizen of every state or foreign state where it is incorporated and every state or foreign state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  "General partnerships, limited partnerships, joint stock companies, and unincorporated membership associations all are treated as citizens of every state of which any partner or member is a citizen." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1089 (11th Cir. 2010) (quoting *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 317 (7th Cir. 1998)).

10.     Bosch is a Delaware corporation with its principal place of business in Mount Prospect, Illinois. Thus, Bosch is considered a citizen of Illinois (both at the time of filing Plaintiff's Complaint and as of this Removal). Bosch is not a citizen of Alabama.

11.     Alabama Self-Insured Worker's Compensation Fund, which intervened "as a party plaintiff" on July 14, 2022, is an Alabama corporation with its principal place of business in Birmingham, Alabama. *See* Complaint In Intervention, attached hereto as **Exhibit C**.

12.     Under 28 U.S.C. § 1441(a), "the citizenship of parties sued under fictitious names shall be disregarded" for purposes of subject matter jurisdiction based upon diversity of citizenship. 28 U.S.C. § 1441(a).

13.     Thus, this action involves "citizens of different states" in accordance with 28 U.S.C. § 1332(a)(1).  Because there is complete diversity between all parties properly joined and served at this time, removal is proper. *See* 28 U.S.C. §§ 1332(a)(1), 1332(c)(1), and 1441(b)(2).

AMOUNT IN CONTROVERSY

14.     The amount in controversy requirement is met. "If the amount in controversy is not facially apparent from the complaint, the court looks to the notice of removal and any evidence submitted by the parties." *Moore v. CNA Found.*, 472 F. Supp. 2d 1327, 1331 (M.D. Ala. 2007).  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co.*, 574 U.S. 81, 89 (2014).

15.     Plaintiff's Complaint alleges "severe injuries," "permanent injuries," "permanent disability," pain and suffering, mental anguish, lost wages, and lost earning capacity, medical expenses in connection with "seven separate surgeries to repair the injuries to his right arm," and he seeks compensatory and exemplary/punitive damages.  Ex. B, ¶¶ 6, 9, 13, 17, 21, 25, 29, 33, 37.  Plaintiff further alleges that his injuries were caused by Bosch's alleged "wanton and wrongful conduct," and he seeks exemplary/punitive damages "in an amount which will adequately reflect the wrongfulness of [Bosch's] conduct." *See id.,* ¶ 21, 29.

16.     Plaintiff's Complaint, however, does not specify the *total* amount of damages that he seeks to recover from Bosch. "If a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (internal citations and quotations omitted). The removing defendant may satisfy this burden by showing either that it is "facially apparent from the [plaintiff's] pleading itself that the amount in controversy exceeds the jurisdictional minimum" or that there is "additional evidence demonstrating that removal is proper." *Id*. at 1061 (internal quotations omitted).  A district court applies its "judicial experience" and "common sense" in "discerning whether the allegations in a complaint facially establish" the jurisdictional amount. *Id.* at 1062-63.  To be sure, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. . . The law does not demand perfect knowledge or depend any less on reasonable inferences and deductions than we all do in everyday life." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (internal citations omitted).

17.     Although Plaintiff's Complaint does not specify the total amount of claimed damages, it is facially apparent from the serious nature of Plaintiff's allegations and the extent of his claimed injuries and damages that the amount in

6

controversy exceeds $75,000, exclusive of interests and costs. *See, e.g., Roe v. Michelin N. Am., Inc.*, 637 F.Supp. 2d 995, 999 (M.D. Ala. 2009) ("While it would be speculative to specify the exact dollar amount at issue in this case, it is not speculative to conclude from the egregious conduct alleged that the amount, whatever it is, far exceeds $75,000."); *Sanderson v. Daimler Chrysler Motor Corp.*, No. 07-559-WS-B, 2007 WL 2988222, *14 (S.D. Ala. Oct. 9, 2007) ("Certain injuries are by their nature so substantial as to make it readily apparent that the amount in controversy requirement is satisfied."); *see also Joyner v. Lifeshare Mgmt. Group, LLC*, CV-417-174, 2018 WL 1830732 (S.D. Ga. April 17, 2018) (finding amount in controversy satisfied where the plaintiff's complaint "request[ed] punitive damages and damages for 'serious and substantial physical and mental injuries; past and future medical expenses; past, present, and future physical and mental pain and suffering; permanent impairment; and lost wages'"); *Jones v. Novartis Pharm. Co.*, 952 F.Supp. 2d 1277, 1286 (N.D. Ala. 2013) (rejecting the plaintiff's description of her suit "as merely a 'products liability case'" and finding the amount in controversy requirement met because the plaintiff had alleged "serious personal injury" that is "permanent in nature"); *Fuqua v. D & M Carriers, LLC*, No. 6:19-CV-01626-LSC, 2019 WL 6918297, at *3 (N.D. Ala. Dec. 19, 2019) (holding the complaint "facially establish[ed] the jurisdictionally required amount in controversy" where plaintiff

alleged five surgeries, pain and mental anguish, permanent physical impairment, and lost wages).

18.    Additionally, Plaintiff seeks "exemplary damages in an amount that will adequately reflect the wrongfulness of defendants' conduct." *See* Ex. B, ¶¶ 21, 29. "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987). Indeed, "the moment a state court plaintiff seeks unspecified damages of various kinds, such as punitive damages, or emotional distress, or attorneys' fees, the claim automatically is deemed to exceed $75,000 and becomes removable under 28 U.S.C. § 1332." *Jones v. Hartford Fire Ins. Co.*, 2013 WL 550419, *1 (N.D. Ala. Feb. 7, 2013); *see also Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012) ("Plaintiffs . . . who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more. Otherwise, a plaintiff will find herself in a federal court.").

19.    Finally, the amount in controversy is further confirmed by the Complaint in Intervention filed by Alabama Self-Insured Worker's Compensation

8

Fund. *See generally* **Exhibit C**. Under Section 1446(b)(3) "a copy of an amended pleading, motion, order or other paper" can be used to show removability of an action. 28 U.S.C. § 1446(b)(3); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 757 (11th Cir. 2010). Specifically, Plaintiff-Intervenor has paid to Plaintiff Banks a total of **$145,032.75** in "medical benefits and further claims" and **$39,273.88** in compensation benefits related to this incident. *See* Ex. C. Plaintiff-Intervenor seeks to recover those claimed damages from Bosch. *See generally id.*

20.    Thus, based on Plaintiff's own allegations and the Complaint in Intervention, the amount in controversy exceeds $75,000, exclusive of interest and costs. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010).

<u>PROCEDURAL REQUIREMENTS FOR REMOVAL</u>

21.    As of the date of this filing, Bosch is the only properly joined and served defendant; thus, consent of other defendants is not required.    28 U.S.C. § 1446(b)(2)(A).

22.    Pursuant to 28 U.S.C. § 1446(d), Bosch will file a Notice of Filing Notice of Removal with the Circuit Court of Tuscaloosa County, Alabama. Copies of that Notice, together with this Notice of Removal, are being served upon all counsel of record pursuant to 28 U.S.C. § 1446(d).

23.     By filing this Notice, Bosch does not waive any of their defenses, including but not limited any defenses under Federal Rule of Civil Procedure 12, and do not admit any fact, law, or liability.

24.     Bosch reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Bosch requests that this Court consider this Notice of Removal as provided by law governing the removal of cases to this Court, that this Court will make the proper orders to achieve the removal of this case from the Circuit Court of Tuscaloosa County; and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this case of all proceedings that may have been served in said Circuit Court.

Respectfully submitted this 8th day of August 2022,

                                        /s/ W. McKinley Dunn
                                        One of the Attorneys for Defendant Robert
                                        Bosch Power Tool Corporation

OF COUNSEL:
Adam K. Peck
*apeck@lightfootlaw.com*
Christopher C. Yearout
*cyearout@lightfootlaw.com*
W. McKinley Dunn
*mdunn@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 20th Street North
Birmingham, AL  35203-3200
(205) 581-0700 (telephone)
(205) 581-0799 (facsimile)

**CERTIFICATE OF SERVICE**

I certify that on August 8, 2022, I filed a copy of the foregoing electronically

using the CM/ECF, which will send notification to counsel of record registered for

CM/ECF system. I also served a copy by electronic and/or U.S. mail to:

Jeffrey C. Kirby, Esquire
Chandler O. Kirby, Esquire
Kirby Law, P.C.
One Independence Plaza Drive, Suite 520
Birmingham, Alabama 35209
Phone: (205) 458-3553
Fax: (205) 458-3589
*Attorneys for Plaintiff*

Steven T. McMeekin
Pope & McMeekin, P.C.
3000 Riverchase Galleria, Suite 975
Birmingham, Alabama 35244
(205) 802-7455
*Attorney for Plaintiff-Intervenor*

                                        */s/ W. McKinley Dunn*
                                        Of Counsel