FILED

2022 Aug-08    04:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A

ELECTRONICALLY FILED
7/5/2022 2:36 PM
63-CV-2022-900572.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>63<br><br>Date of Filing:<br>07/05/2022 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA
### JONATHAN BANKS v. ROBERT BOSCH TOOL CORPORATION

**First Plaintiff:** ☐ Business  ☑ Individual  **First Defendant:** ☑ Business  ☐ Individual
              ☐ Government  ☐ Other                  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☑ TOPL  - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX  - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE  - Personal Property
- ☐ TORE  - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN  - Abandoned Automobile
- ☐ ACCT  - Account & Nonmortgage
- ☐ APAA  - Administrative Agency Appeal
- ☐ ADPA  - Administrative Procedure Act
- ☐ ANPS  - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☑ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:   F** ☑ **INITIAL FILING        A** ☐ **APPEAL FROM        O** ☐ **OTHER**
                                **DISTRICT COURT**

          **R** ☐ **REMANDED            T** ☐ **TRANSFERRED FROM**
                                **OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?** ☑ **YES** ☐ **NO**    **Note:** Checking "Yes" does not constitute a demand for a<br>jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**        ☑ **MONETARY AWARD REQUESTED** ☐ **NO MONETARY AWARD REQUESTED**

**ATTORNEY CODE:**
    KIR002                    7/5/2022 2:36:40 PM                    /s/ JEFFREY C. KIRBY
                            Date                        Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**        ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**    ☐YES ☐ NO

ELECTRONICALLY FILED
7/5/2022 2:36 PM
63-CV-2022-900572.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY ALABAMA

| | | |
|---|---|---|
| JONATHAN BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:_____ |
| | ) | |
| ROBERT BOSCH POWER TOOL, | ) | **JURY TRIAL DEMANDED** |
| and fictitious party defendants, | ) | |

**No. 1**, whether singular or plural, that legal entity or those entities who or which designed the palm router and offset base with roller guide involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith;

**No. 2**, whether singular or plural, that legal entity or those entities who or which manufactured or assembled the palm router and offset base with roller guide involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith;

**No. 3**, whether singular or plural, that legal entity or those entities who or which had any role in the distributive chain regarding the palm router and offset base with roller guide involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith, from the date of manufacture of each said product through the date of its acquisition by the plaintiff or other entity;

**No. 4**, whether singular or plural, that legal entity or those entities who or which, prior to the occurrence made the basis of this lawsuit, altered or repaired the palm router and offset base with roller guide involved in said occurrence, any component part thereof, or any attendant equipment used or available for use therewith;

**No. 5**, whether singular or plural, that legal entity or those entities who or which suggested or specified that the palm router and offset base with roller guide involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment, be used as it was being used at the time of the occurrence made the basis of this lawsuit;

**No. 6**, whether singular or plural, that legal entity or those entities who or which failed to warn or issued inadequate warnings or instructions regarding the use or operation of the palm router and offset base with roller guide involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith;

**No. 7**, whether singular or plural, that entity or those entities who was responsible for providing instructions for use or issuing adequate warnings to persons of the dangers associated with defects of the palm router and offset base with roller guide involved in the occurrence made the basis of this lawsuit;

**No. 8**, whether singular or plural, that entity or those entities who or which were merchants and/or sellers with respect to the palm router and offset base with roller guide involved in the occurrence made the basis of this lawsuit, and which impliedly warranted that said palm router and offset base with roller guide was merchantable;

**No. 9**, whether singular or plural, that entity or those entities who or which issued any warranty, express or implied, with respect to the palm router and offset base with roller guide involved in the occurrence made the basis of this lawsuit;

**No. 10**, whether singular or plural, that entity or those entities who or which provided information referable to the quality, worthiness or fitness of the palm router and offset base with roller guide involved in the occurrence made the basis of this lawsuit;

**No. 11**, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings, or instructions regarding the use or operation of the palm router and offset base with roller guide involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith;

**No. 12**, whether singular or plural, that legal entity or those entities which provided product liability and/or general liability insurance coverage for the manufacturer and/or distributor of the palm router and offset base with roller guide involved in the occurrence made the basis of this lawsuit at the time of said occurrence or at any time prior thereto;

**No. 13**, whether singular or plural, that person or those persons, that legal entity or those entities, whose duty it was to maintain the palm router and offset base with roller guide involved in the occurrence made the basis of this lawsuit from the time it was manufactured or assembled until the time of plaintiffs' injury made the basis of this lawsuit;

**No. 14**, whether singular or plural, that legal entity or those entities who or which was responsible for advertising the palm router and offset base with roller guide involved in the occurrence made the basis of this lawsuit, any component part thereof or any attendant equipment used or available for use therewith;

**No. 15**, whether singular or plural, that legal entity or those entities who or which did any consulting work, i.e., advertising, marketing, engineering, etc., referable to the design, manufacture and/or assembly of the palm router and offset base with roller guide involved in the occurrence made the basis of this lawsuit;

**No. 16**, whether singular or plural, that legal entity or those entities who or which tested, inspected, approved or issued any approval of the palm router and offset base with roller guide involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith;

**No. 17**, whether singular or plural, that legal entity or those entities who or which conducted safety inspections or analyses of or with reference to the palm router and offset base with roller

2

guide involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith and/or the design or manufacturing process of each said product including, but not limited to, the products liability insurance carrier for the manufacturer and/or distributor of any of the aforesaid products;

**No. 18**, whether singular or plural, that legal entity or those entities who or which was responsible for adequately testing for the condition and safety of the palm router and offset base with roller guide involved in the occurrence made the basis of this lawsuit, and any component parts thereof, or any attendant equipment used or available for use therewith, from the date of manufacture through the date of its acquisition;

**No. 19**, whether singular or plural, that legal entity or those entities who or which was responsible for the design, manufacture, distribution, marketing, sale, assembly and/or repair of the palm router and offset base with roller guide made the basis of this lawsuit, the negligence, breach of contract, or other actionable conduct of whom contributed to cause injury to the plaintiff;

**No. 20**, whether singular or plural, those firms, corporations, or entities doing business as Remmert & Company, Inc.;

**No. 21**, whether singular or plural, those persons, firms, or entities who negligently or wantonly hired, supervised, and/or retained employees of the named defendants who were responsible for the supervision of Jonathan Banks on the occasion complained of herein;

**No. 22**, whether singular or plural, those firms, corporations, or entities whose responsibility or duty it was to supervise employees of Remmert & Company, Inc., on the occasion complained of;

**No. 23**, whether singular or plural, those entities, firms, or corporations whose responsibility or duty it was to instruct the agents/employees of Remmert & Company, Inc. regarding proper supervision and/or training of employees on or before the date of the occasion complained of;

**No. 24**, whether singular or plural, those entities, firms, or corporations who succeeded, bought, or controlled any defendant herein, or who has assumed the liabilities of same;

**No. 25**, whether singular or plural, those corporations, firms or entities whose responsibility or duty it was to monitor the performance of, evaluate and/or discipline the employees of Remmert & Company, Inc. prior to and on the occasions complained of herein;

**No. 26**, whether singular or plural, those persons, firms, corporations, or entities, who had the duty to provide and maintain a reasonably safe area for workers, which included Jonathan Banks;

**No. 27**, whether singular or plural, those persons, firms, corporations, or entities, who had the duty to warn workers about dangers or unsafe conditions;

3

**No. 28**, whether singular or plural, those persons, firms, corporations, or entities, who failed to maintain the area where Jonathan Banks worked;

**No. 29**, whether singular or plural, those persons, firms, corporations, or entities, who failed to reasonably manage the area where Jonathan Banks worked;

**No. 30**, whether singular or plural, those persons, firms, corporations, or entities, who failed to reasonably inspect the area where Jonathan Banks worked;

**No. 31**, whether singular or plural, those persons, firms, corporations, or entities, who unreasonably failed to warn of the unsafe condition of the subject palm router and offset base with roller guide;
;
**No. 32**, whether singular or plural, those persons, firms, corporations or entities, who created an unsafe and hazardous condition;

**No. 33**, whether singular or plural, those persons, firms, corporations, or entities, who undertook to approve and oversee how Jonathan Banks performed his work;

**No. 34**, whether singular or plural, those persons, firms, corporations, or entities, whether singular or plural, who had the right to control the conditions, methods and manner in which the work was performed by Jonathan Banks at all times material to the incident made the basis of this lawsuit;

**No. 35**, whether singular or plural, those persons, firms, corporations, or entities, who at all times material to Jonathan Banks' injury, owed Jonathan Banks a duty of reasonable care to provide a safe place to work or a reasonably safe work environment;

**No. 36**, whether singular or plural, those persons, firms, corporations, or entities, who negligently, wantonly, willfully, recklessly and/or intentionally breached the duties to provide Jonathan Banks a reasonably safe work environment;

**No. 37**, whether singular or plural, those persons, firms, corporations, or entities, who negligently and/or wantonly allowed Jonathan Banks to be subjected to unreasonable hazards and/or risks;

**No. 38**, whether singular or plural, those persons, firms, corporations, or entities, who negligently and/or wantonly failed to perform a reasonable job safety analysis;

**No. 39**, whether singular or plural, those persons, firms, corporations, or entities, who negligently and/or wantonly failed to monitor safety practices;

**No. 40**, whether singular or plural, those persons, firms, corporations, or entities, who negligently and/or wantonly failed to oversee, plan, supervise and/or to carry out the work to be done in a reasonably safe manner;

**No. 41**, whether singular or plural, that entity or those entities who or which was plaintiff's employer at the time of the occurrence made the basis of plaintiff's complaint;

**No. 42**, that person or those persons, individually and/or as partners, who was plaintiff's employer at the same time of the occurrence made basis of plaintiff's complaint;

**No. 43**, whether singular or plural, that entity or those entities who or which was the workmen's compensation insurance carrier for the plaintiff's employer at the time of the occurrence made the basis of plaintiff's complaint;

**No. 44**, whether singular or plural, that entity or those entities who or which was the general liability insurance carrier for the plaintiff's employer at the time of the occurrence made basis of plaintiff's complaint;

**No. 45**, whether singular or plural, that entity or those entities described above, which was part of the decision to deny any part of plaintiff's worker's compensation benefits;

**No. 46**, whether singular or plural, that entity or those entities who or which represented to plaintiff that his on-the-job injury would be considered a personal condition;

**No. 47**, whether singular or plural, that entity or those entities who or which reviewed plaintiff's medical records for or on behalf of Remmert & Company, Inc.;

**No. 48**, whether singular or plural, that legal entity or those entities which insured or provided insurance coverage with relation to any self-insurance program provided by or for the named or fictitious parties named herein;

**No. 49**, whether singular or plural, that legal entity or those entities, other than those entities described above, whose breach of contract or warranties contributed to cause the occurrence made the basis of this lawsuit;

**No. 50**, whether singular or plural, that legal entity or those entities, that individual or those individuals, other than those individuals and entities described above, whose negligence, wantonness or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit;

**No. 51**, whether singular or plural, that legal entity or those entities who or which provided any insurance coverage, of whatever kind or nature, to any of the named or fictitious defendants herein;

**No. 52**, whether singular or plural, that legal entity, other than those entities described above, which is the predecessor of any of those entities described above;

**No. 53**, whether singular or plural, that legal entity, other than those entities described above, which is the successor in interest of any of those entities described above; and

**No. 54,** whether singular or plural, that legal entity or those entities who or which, prior to the occurrence made the basis of this lawsuit altered, changed, modified, manufactured or distributed any of the controls and or methods of activation of this palm router and offset base with roller guide or any component part thereof or any attendant equipment used or available for use therewith.

Plaintiff avers that the identities of the fictitious party defendants herein are otherwise unknown to the plaintiff at this time or, if their names are known to plaintiff, their identities as proper parties defendant are not known to plaintiff at this time, and their true names will be substituted by amendment when ascertained,                    )
                                                                                               )
        **Defendants.**                    )

---

## COMPLAINT

---

COMES NOW the Plaintiff, JONATHAN BANKS by and through his undersigned counsel, and files this Complaint against Defendants, ROBERT BOSCH POWER TOOL and the Fictitious Party Defendants 1-54 described herein. Plaintiff presents unto the Court as follows:

### PARTIES

1.       Plaintiff Jonathan Banks is an individual over the age of nineteen (19) years and is a resident of Hale County, Alabama.

2.       Defendant Robert Bosch Power Tool is a foreign corporation doing business in Alabama and whose primary place of business is Louisville, Kentucky.

### JURISDICTION AND VENUE

3.       Jurisdiction and venue is proper in this Court because the events made the basis of Mr. Banks' Complaint occurred in Tuscaloosa County, Alabama.

## FACTS

4.    On or about August 7, 2020, plaintiff Jonathan Banks was working in the line and scope of his employment at Remmert & Company, Inc. in Tuscaloosa, Alabama operating a Robert Bosch Power Tool Palm Router PR20EVS Serial Number 9170 and offset base with roller guide attachment.

5.    Mr. Banks was attempting to use the subject palm router and offset base with roller guide for the first time on the day of his injury and plugged it in while it was on a worktable, where it had been placed on its side by the previous operator.

6.    Mr. Banks plugged the subject palm router and offset base with roller guide in and realized its power was still on and as he tried to hold the router by its power cord to turn it off, the cutting blade made contact with his right hand and arm, causing severe injuries.

7.    The only warning on the subject palm router and offset base with roller guide provided:

> To reduce the risk of injury, user must read instruction manual, wear eye protection, clamp motor securely in place before use, maximum cut diameter must be 1/25 inch smaller than base opening.

8.    When Mr. Banks was injured, the subject Bosch palm router and offset base with roller guide lacked the appropriate safety devices and/or appropriate warnings, which in turn allowed unintentional activation of the router. The appropriate safety devices and/or appropriate warnings, if present, would have required Mr. Banks to turn the router on after he plugged it before using it. Additionally, the subject router lacked appropriate guarding allowing its blade to come into contact with Mr. Banks' right hand and arm.

9 .    In the process of operating the subject Bosch palm router and offset base with roller guide, Jonathan Banks suffered the following injuries:

- contracture of FDP (flexor digitorum pfofundus) and FDS (flexor digitorum superficialis) right fourth and fifth digits;

- right wrist/forearm lacerations;

- lacerations to the ulnar artery nerve in his right forearm;

- traumatic compartment syndrome of right upper extremity;

- permanent injuries;

- permanent disability;

- seven separate surgeries to repair the injuries to his right arm;

- injuries for which he was caused, and, will be caused in the future, to expend sums of money in the nature of hospital, doctor, drug, and other expenses in an effort to heal and cure his injuries;

- injuries for which he was caused, and, will be caused in the future, physical pain/suffering and mental anguish;

- lost wages and loss in earning capacity.

## <u>COUNT I</u>

### ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE

10.    At said time and place, said palm router and offset base with roller guide, which was in substantially the same condition as when designed, manufactured, sold, assembled, and/or distributed, was being used in a manner that was foreseeable. Said palm router and offset base with roller guide was not reasonably safe when being used in a foreseeable manner, but, to the contrary, was defective and unreasonably dangerous to the human body when being so used. Defendant Bosch and various fictitious party defendants (1-54) knew, or, in the exercise of reasonable care, should have known, that said palm router and offset base with roller guide was unreasonably dangerous to the human body when being so used in a foreseeable manner.

11.     The defective conditions of the palm router and offset base with roller guide were the proximate cause of Mr. Banks' injuries and damages and render Defendant Bosch and fictitious party defendants (1-54) liable to Mr. Banks, pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

12.     Plaintiff alleges the injuries he sustained were caused as a proximate consequence of the violation of the Alabama Extended Manufacturers Liability Doctrine and other wrongful conduct of the defendants as hereinafter described.

13.     The aforesaid wrongful conduct of the Defendant Bosch and the fictitious party defendants (1-54) combined, concurred, and proximately caused Jonathan Banks to suffer the following injuries:

- contracture of FDP (flexor digitorum pfofundus) and FDS (flexor digitorum superficialis) right fourth and fifth digits;

- right wrist/forearm lacerations;

- lacerations to the ulnar artery nerve in his right forearm;

- traumatic compartment syndrome of right upper extremity;

- permanent injuries;

- permanent disability;

- seven separate surgeries to repair the injuries to his right arm;

- injuries for which he was caused, and, will be caused in the future, to expend sums of money in the nature of hospital, doctor, drug, and other expenses in an effort to heal and cure his injuries;

- injuries for which he was caused, and, will be caused in the future, physical pain/suffering and mental anguish;

- lost wages and loss in earning capacity.

9

WHEREFORE, on the basis of the foregoing, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by him due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

<u>**COUNT II**</u>

**NEGLIGENCE AGAINST BOSCH**

14.     Plaintiff adopts and re-alleges each and every allegation previously set out in this complaint as if fully set out here.

15.     Defendants Bosch and/or one or more of the fictitious party defendants (1-54) previously described negligently designed, manufactured, assembled, furnished, marketed, sold, trained users and/or distributed the palm router and offset base with roller guide involved in the incident made the basis of plaintiff's complaint, and said negligent conduct was a proximate cause of the injuries to plaintiff.

16.     Plaintiff alleges that his injuries were caused as a proximate consequence of the negligent conduct and other wrongful conduct of the defendants.

17.     The aforesaid wrongful conduct of Defendant Bosch and the fictitious party defendants (1-54) combined, concurred, and proximately caused Jonathan Banks to suffer the following injuries:

- contracture of FDP (flexor digitorum pfofundus) and FDS (flexor digitorum superficialis) right fourth and fifth digits;

- right wrist/forearm lacerations;

10

- lacerations to the ulnar artery nerve in his right forearm;

- traumatic compartment syndrome of right upper extremity;

- permanent injuries;

- permanent disability;

- seven separate surgeries to repair the injuries to his right arm;

- injuries for which he was caused, and, will be caused in the future, to expend sums of money in the nature of hospital, doctor, drug, and other expenses in an effort to heal and cure his injuries;

- injuries for which he was caused, and, will be caused in the future, physical pain/suffering and mental anguish;

- lost wages and loss in earning capacity.

WHEREFORE, on the basis of the foregoing, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by him due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## COUNT III

### WANTONNESS AGAINST BOSCH

18. Plaintiff adopts and re-alleges each and every allegation previously set out in this complaint as if fully set out here.

19.    Defendants Bosch  and/or one or more of the fictitious party defendants (1-54) previously described wantonly designed, manufactured, assembled, furnished, marketed, sold, trained users and/or distributed the palm router and offset base with roller guide involved in the incident made the basis of plaintiff's complaint, and said negligent conduct was a proximate cause of the injuries to plaintiff.

20.    Plaintiff alleges that his injuries were caused as a proximate consequence of the wanton conduct and other wrongful conduct of the defendants, as hereinafter described.

21.    The aforesaid wanton and wrongful conduct of the defendants Bosch and the fictitious party defendants (1-54) combined, concurred, and proximately caused Jonathan Banks to suffer the following injuries:

- contracture of FDP (flexor digitorum pfofundus) and FDS (flexor digitorum superficialis) right fourth and fifth digits;

- right wrist/forearm lacerations;

- lacerations to the ulnar artery nerve in his right forearm;

- traumatic compartment syndrome of right upper extremity;

- permanent injuries;

- permanent disability;

- seven separate surgeries to repair the injuries to his right arm;

- injuries for which he was caused, and, will be caused in the future, to expend sums of money in the nature of hospital, doctor, drug, and other expenses in an effort to heal and cure his injuries;

- injuries for which he was caused, and, will be caused in the future, physical pain/suffering and mental anguish;

- lost wages and loss in earning capacity.

WHEREFORE, on the basis of the foregoing, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by him due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## COUNT IV

### NEGLIGENT FAILURE TO WARN AGAINST BOSCH

22.     Plaintiff adopts and re-alleges each and every allegation previously set out in this complaint as if fully set out here.

23.     Defendants Bosch  and/or one or more of the fictitious party defendants (1-54) previously described negligently failed to warn the plaintiff of the dangers associated with the palm router and offset base with roller guide, and said negligent conduct was a proximate cause of plaintiff's serious personal injuries.

24.     Plaintiff alleges that his injuries were caused as a proximate consequence of the negligent conduct and other wrongful conduct of the defendants, as hereinafter described.

25.     The aforesaid negligent and wrongful conduct of the Defendant Bosch and the fictitious party defendants (1-54) combined, concurred, and proximately caused Jonathan Banks to suffer the following injuries:

- contracture of FDP (flexor digitorum pfofundus) and FDS (flexor digitorum superficialis) right fourth and fifth digits;

- right wrist/forearm lacerations;

13

- lacerations to the ulnar artery nerve in his right forearm;

- traumatic compartment syndrome of right upper extremity;

- permanent injuries;

- permanent disability;

- seven separate surgeries to repair the injuries to his right arm;

- injuries for which he was caused, and, will be caused in the future, to expend sums of money in the nature of hospital, doctor, drug, and other expenses in an effort to heal and cure his injuries;

- injuries for which he was caused, and, will be caused in the future, physical pain/suffering and mental anguish;

- lost wages and loss in earning capacity.

WHEREFORE, on the basis of the foregoing, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by him due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## COUNT V

### WANTON FAILURE TO WARN AGAINST BOSCH

26.     Plaintiff adopts and re-alleges each and every allegation previously set out in this complaint as if fully set out here.

27.     Defendant Bosch and/or one or more of the fictitious party defendants (1-54) previously described wantonly failed to warn the plaintiff of the dangers associated with the

14

palm router and offset base with roller guide, and said negligent conduct was a proximate cause of plaintiff's serious personal injuries.

28.     Plaintiff alleges that his injuries were caused as a proximate consequence of the wanton conduct and other wrongful conduct of the defendants, as hereinafter described.

29.     The aforesaid wanton and wrongful conduct of the Defendant Bosch and the fictitious party defendants (1-54) combined, concurred, and proximately caused Jonathan Banks to suffer the following injuries:

- contracture of FDP (flexor digitorum pfofundus) and FDS (flexor digitorum superficialis) right fourth and fifth digits;

- right wrist/forearm lacerations;

- lacerations to the ulnar artery nerve in his right forearm;

- traumatic compartment syndrome of right upper extremity;

- permanent injuries;

- permanent disability;

- seven separate surgeries to repair the injuries to his right arm;

- injuries for which he was caused, and, will be caused in the future, to expend sums of money in the nature of hospital, doctor, drug, and other expenses in an effort to heal and cure his injuries;

- injuries for which he was caused, and, will be caused in the future, physical pain/suffering and mental anguish;

- lost wages and loss in earning capacity.

WHEREFORE, on the basis of the foregoing, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by him due to the defendants' conduct; and for exemplary damages in an amount

15

which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## COUNT VI

### BREACH OF EXPRESS WARRANTY AGAINST BOSCH

30.    Plaintiff adopts and re-alleges each and every allegation previously set out in this complaint as if fully set out here.

31.    Defendant Bosch and fictitious party defendants (1-54) described herein expressly warranted that the palm router and offset base with roller guide involved in the occurrence made the basis of this complaint was reasonably fit and suitable for the purposes for which it was intended to be used. Plaintiff avers that said defendants breached said express warranties in that said palm router and offset base with roller guide was not reasonably fit and suitable for the purposes for which it was intended to be used, but, to the contrary, said palm router and offset base with roller guide was in a dangerously defective and unsafe condition.

32.    Plaintiff further avers that as a proximate result of the aforesaid breach of warranties by said defendants, he suffered severe and permanent personal injuries.

33.    The aforesaid wanton and wrongful conduct of Defendant Bosch and the fictitious party defendants (1-54) combined, concurred, and proximately caused Jonathan Banks to suffer the following injuries:

- contracture of FDP (flexor digitorum pfofundus) and FDS (flexor digitorum superficialis) right fourth and fifth digits;

- right wrist/forearm lacerations;

- lacerations to the ulnar artery nerve in his right forearm;

- traumatic compartment syndrome of right upper extremity;

- permanent injuries;

- permanent disability;

- seven separate surgeries to repair the injuries to his right arm;

- injuries for which he was caused, and, will be caused in the future, to expend sums of money in the nature of hospital, doctor, drug, and other expenses in an effort to heal and cure his injuries;

- injuries for which he was caused, and, will be caused in the future, physical pain/suffering and mental anguish;

- lost wages and loss in earning capacity.

WHEREFORE, on the basis of the foregoing, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by him due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## COUNT VII

### BREACH OF IMPLIED WARRANTY

34.     Plaintiff adopts and re-alleges each and every allegation previously set out in this complaint as if fully set out here.

35.     Defendant Bosch and fictitious party defendants (1- 54) described herein impliedly warranted that the palm router and offset base with roller guide involved in the occurrence made the basis of this complaint was reasonably fit and suitable for the purposes for

17

which it was intended to be used. Plaintiff avers that said defendants breached said express warranties in that said palm router and offset base with roller guide was not reasonably fit and suitable for the purposes for which it was intended to be used, but, to the contrary, said palm router and offset base with roller guide was in a dangerously defective and unsafe condition.

36.     Plaintiff further avers that as a proximate result of the aforesaid breach of warranties by said defendants, he suffered severe and permanent personal injuries.

37.     The aforesaid wanton and wrongful conduct of Defendant Bosch and the fictitious party defendants (1-54) combined, concurred, and proximately caused Jonathan Banks to suffer the following injuries:

- contracture of FDP (flexor digitorum pfofundus) and FDS (flexor digitorum superficialis) right fourth and fifth digits;

- right wrist/forearm lacerations;

- lacerations to the ulnar artery nerve in his right forearm;

- traumatic compartment syndrome of right upper extremity;

- permanent injuries;

- permanent disability;

- seven separate surgeries to repair the injuries to his right arm;

- injuries for which he was caused, and, will be caused in the future, to expend sums of money in the nature of hospital, doctor, drug, and other expenses in an effort to heal and cure his injuries;

- injuries for which he was caused, and, will be caused in the future, physical pain/suffering and mental anguish;

- lost wages and loss in earning capacity.

WHEREFORE, on the basis of the foregoing, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by him due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## COUNT VIII

### FICTITIOUS PARTY DEFENDANTS

38.    Plaintiff adopts and re-alleges each and every allegation previously set out in this complaint as if fully set out here.

39.    Plaintiff alleges that his injuries were the proximate consequence of the wrongful conduct, breaches of warranty, violations of the Alabama Extended Manufacturers' Liability Doctrine, negligent and/or wanton design, manufacture, sale or distribution, failure to train, failure to warn of the Defendant Bosch and/or one or more of the fictitious party defendants (1-54) as herein described.

40.    Fictitious party defendants 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53 and 54 whose correct names and identities are unknown to the plaintiff, but who will be correctly named and identified when ascertained, are the respective entities who or which fit the descriptions above.

41.    The aforesaid negligent or wanton conduct, breaches of warranty, violation of the Alabama Extended Manufacturers' Liability Doctrine, negligent and/or wanton design,

manufacture sale or distribution, failure to train, failure to warn of the above described defendants combined, concurred, and proximately caused Jonathan Banks' injuries.

WHEREFORE, on the basis of the foregoing, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by him due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

Respectfully submitted,

/s/Jeffrey C. Kirby
One of the Plaintiff's Attorneys

Of Counsel for the Plaintiff
Jeffrey C. Kirby, Esquire
Chandler O. Kirby, Esquire
Kirby Law, P.C.
One Independence Plaza Drive, Suite 520
Birmingham, Alabama 35209
Phone: (205) 458-3553
Fax: (205) 458-3589

## **Jury Demand**

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY PURSUANT TO ARCP 38**

/s/Jeffrey C. Kirby
One of the Plaintiff's Attorneys

## <u>REQUEST FOR CERTIFIED MAIL SERVICE BY CLERK</u>

The Plaintiff hereby requests that the clerk serve the Defendants by Certified Mail, return receipt requested pursuant to Rule 4.1(c) of the Alabama Rules of Civil Procedure.

Robert Bosch Tool Corporation
c/o Corporation Service Company Inc
641 South Lawrence Street
Montgomery, AL 36104

ELECTRONICALLY FILED
7/5/2022 2:36 PM
63-CV-2022-900572.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY ALABAMA

JONATHAN BANKS,          )
                          )
     Plaintiff,          )
                          )
v.                      )     Case No.:_____
                          )
ROBERT BOSCH POWER TOOL,   )
and fictitious party defendants,     )

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT ROBERT BOSCH POWER TOOL

Comes now the plaintiff, Jonathan Banks, and requests the Defendant Robert Bosch Power Tool ("Bosch") to respond to the following interrogatories and requests for production within the time allowed by the Alabama Rules of Civil Procedure.

**NOTE A:** These requests shall be deemed continuing so as to require supplemental responses upon receipt of additional information by this defendant or this defendant's attorney subsequent to your original response. Any such supplemental responses are to be filed and served upon counsel for plaintiff within thirty (30) days from receipt of such additional information but not later than the time of the trial of this case.

**NOTE B: This is a request for a privilege log pursuant to Alabama Rule of Civil Procedure 26(b)(6)(A).** If you contend that any document or tangible item requested is irrelevant or privileged in any way, please provide a list or index identifying all such documents (or each such document comprising said file) in the manner required by Rule 26(b)(6)(A) of the Alabama Rules of Civil Procedure that includes the following:

(1)       the title or other means of identification of each such document and/or record;

(2)       the date of each such document and/or record;

1

(3)      the author(s) of each such document and/or record;

(4)      the recipient(s) of each such document and/or record;

(5)      the present location of any and all copies of each such document and/or record in your care, custody or control;

(6)      the names and current addresses of the person(s) who have possession, custody, and/or control of each document and/or record or copies thereof;

(7)      if all copies of each such document and/or records have been destroyed, the names and addresses of the person(s) authorizing the destruction of each such document and/or record and the date the document and/or record was destroyed;

(8)      the present depository or depositories and the name and address of the person(s) having custody of any item to be identified unless the item is a patent, public document, and/or record, or person;

(9)      where the item to be identified is a person, that person's full name, address, job title, and present employer;

(10)    where the item to be identified is a document and/or record, whether in printed or electronic form, its character, title, date, addressee or recipient, and author, signatory, or sender;

(11)    where the item to be identified is printed material, its title, author, publication date, volume and the relevant page numbers;

(12)    where the item to be identified is in electronic form, its file designation, file type (e.g. spreadsheet, database, electronic mail, word processing document, etc…), author, creation date, and location;

(13)    and, if the evidence is video or photographs, then please provide the following:

(14)    the title or other means of identification of each video;

(15)    the date each video was originally made;

(16)    the creator of each video;

(17)    the recipient(s) of each video;

(18)    the present location of any and all copies of each video in your care, custody, or control;

(19)    the names and current addresses of the person(s) who have possession, custody, and/or control of each video or copies thereof;

(20)    the present location(s) and the name and address of the person(s) having custody of the video;

(21)    as to items (6) and (7), each person's full name, address, job title, and present employer; and

(22)    where the item to be identified is in electronic form, its file designation, file type (e.g., jpeg, mpeg, DVD, , etc.), author, creation date, and location.

<u>Definitions</u>

A.    The terms "this defendant," "defendant," "you," or "your" refers to the defendant to whom these requests are made including any officer, agent, employee, subsidiary or parent company of such named defendant and any other person or entity over whom said defendant may exert control or by whom said defendant is controlled.

B.    "Plaintiff" or "plaintiff's" refer to the plaintiff in his individual capacity.

C.    "Identify."

(1)    When used in reference to an individual, "identify" means to state his or her full name, present or last known position or business affiliation and residential address;

(2)    When used in reference to a corporation, firm, or other entity, "identify" means to state its full name, form of organization (if known), and its present or last known address;

(3)    When used in reference to a document as defined above, "identify" means to state the type of document (e.g., letter, memorandum, contract) or some other means of identification, its author(s) and addressee(s), its date, its subject, its present location by address and its custodian. If such document was, but is no longer in your possession, custody, or control, state what disposition was made of it.

(4)    When used in reference to a communication as defined above, "identify" means to identify the parties to the communication, the date of the communication, and the substance of the communication.

D.    "Person" means any natural person or individual (including, without limitation, any employee, agent, officer, independent contractor, attorney, expert, or consultant) or any entity (including, without limitation, any corporation, company, partnership, association, joint venture,

3

trust, public agency, department, bureau, or board).

     E.    "Relating to" means relating to, referring to, concerning, regarding, describing, discussing, reflecting, mentioning, constituting and/or supporting, directly and/or indirectly.

## **INTERROGATORIES**

1.    State the name, address, title and duty of the person or persons who answered or assisted in answering these interrogatories.

ANSWER:

2.    Is this defendant's name correctly stated on file in this case? If not, state the correct way this defendant should be designated as a party defendant in an action of law at the time of the occurrence made the basis of this suit at the time these interrogatories are answered.

ANSWER:

3.    State the general corporate history of this defendant, including the date and place of incorporation, whether you are qualified to do business in the State of Alabama and, if so, the date first qualified; address of your principal place of business; and full names of your subsidiaries, divisions, sister corporations, or like entities.

ANSWER:

4.    State the name and principal address of each insurer, of any type whatsoever, which insured this defendant against risk or losses on the date of the occurrence made the basis of this lawsuit, along with the applicable limits of liability.

ANSWER:

5.    State whether this defendant or anyone to this defendant's knowledge has  secured, obtained or has any knowledge of any statement or account made by any person, including parties, whether written, recorded or oral, which  pertain  in  any  way  to  the occurrence made the basis of this lawsuit. If so, state separately and severally the name and address of each person from whom a statement was obtained, the date the statement was obtained, and the person or entity who has custody of said statement(s).

ANSWER:

6.    State this defendant's role in the design, manufacture, assembly, distributive chain, service, maintenance, and/or repair of the product. If this defendant claims to have had no such role, state the name and address of each person or entity that did. If this defendant had such role, state:

        (a)    The respective dates the product was designed, assembled,

and/or manufactured;

(b)     The date the product was sold and the name and address of the person or entity to whom the product was sold;

(c)     The dates the product was serviced, maintained, repaired and/or that any alterations were made. If any alterations were made, state who did said alterations and exactly what alterations were done.

ANSWER:

7.     State the name and address of each entity within the distributive chain with regard to the product involved in the occurrence made the basis of this lawsuit from the date of manufacture up to and including the date of said occurrence.

ANSWER:

8.     State the name and address of any and all safety or industrial associations of which this defendant is a member.

ANSWER:

9.     State the name, address and employer of each person known by this defendant to have any knowledge whatsoever of matters pertinent to the occurrence made the basis of this lawsuit.

ANSWER:

10.    State whether or not this defendant has or had possession or control of any document containing information regarding safety in the design, manufacture, assembly, use and/or maintenance, service and/or repair of the product described in the complaint, or other substantially similar products. If so, please produce a copy thereof.

ANSWER:

11.    Please state and list any citations, criticisms, reprimands or correspondence with any federal, state, or local statute or regulation with regard to the design, manufacture, distribution or sale, service, maintenance and/or repair of the palm router and offset base with roller guide described in the complaint. Produce a copy of all documentation described in this interrogatory.

ANSWER:

12.    Please state or list any and all lawsuits (past or present) against this defendant claiming injury, death or damage due to an alleged defective condition,  defect  in  or  problems

5

regarding the palm router and offset base with roller guide or similar tools described in the complaint. This should include the civil action number of any such lawsuits, location of filing, current disposition, and identity of plaintiff and defense counsel.

ANSWER:

13.    Please state and list any and all written notices, claims or complaints concerning the use of the palm router and offset base with roller guide or similar routers described in the complaint. Produce a copy of all documentation described and responsive to this interrogatory.

ANSWER:

14.    Please describe any and all advertisements or promotions concerning the product referred to in plaintiff's complaint or similar products whether said advertising was conducted by way of magazine, newspaper, television program or other media form. Produce a copy of all documents responsive to this interrogatory.

ANSWER:

15.    Please list any and all statements, whether recorded or written, taken of the plaintiff or any member of the plaintiff's family at any time.

ANSWER:

16.    Please describe any remedial or subsequent changes made to the palm router and offset base with roller guide described in the complaint.

ANSWER:

17.    Please describe any safety inspection, quality control inspection, quality inspection or other type of inspection, made by or for you with respect to the manufacturing of the palm router and offset base with roller guide which is the subject of this lawsuit, or routers similar to the one made the basis of plaintiff's complaint.

ANSWER:

18.    Please describe any safety inspection, quality control inspection, quality inspection or other type of inspection, policies or procedures you had in effect with respect to the manufacturing of the palm router and offset base with roller guide which is the subject of this lawsuit, or tool similar to the one made the basis of plaintiff's complaint.

ANSWER:

19.    Please describe the procedure you follow when someone reports a problem or criticism of equipment such as the product that is the subject of this lawsuit.

ANSWER:

20.    State whether or not you, or anyone to your knowledge, published and/or  distributed any brochure, pamphlet, or other printed material which contained  warnings  concerning  the possibility of injury resulting from the use of the product referred to in the complaint, or similar products. If so, produce a copy thereof.

ANSWER:

21.    State  whether  or  not  you  have  ever  sent  any  notices,  warnings,  or  modified instructions to owners or users of products manufactured and/or sold by you after a new mandatory safety standard has been promulgated. If so, produce a copy thereof.

ANSWER:

22.    State whether you or any of your representatives conducted any recalls and/or retrofit campaigns or similar activity involving the product referred to in the complaint or similar products, or any component part thereof. If so, produce a copy thereof.

ANSWER:

23.    Have you ever made any written warranties on any of the products which  you  distribute, service, maintain and/or repair? If so, produce a copy thereof.

ANSWER:

24.    State  whether  you  conducted,  participated  in  or  otherwise  know  of  any  training  or instructional  program  regarding  the  use,  operation  and/or  maintenance  of  the  product involved in the occurrence made the basis of this suit or substantially similar products. If so, produce a copy thereof.

ANSWER:

25.    Do you contend or have any knowledge whatsoever that anyone other than the named defendant  in  this  cause  of  action  had  any  connection  with  or  relationship  to  the occurrence made the basis of plaintiff's complaint? If so, please describe the basis of your contention.

ANSWER:

26.    Please state the name and address of each expert witness that you expect to call at the trial of this case and state the subject matter on which said experts are expected to testify.

ANSWER:

27.    Please state the substance of the facts and opinions to which each and every expert is expected to testify and set forth a summary of the grounds of each such opinion held by each and every said expert.

ANSWER:

28.    Please state the names and addresses of each and every witness this defendant expects to call at the trial of this case.

ANSWER:

29.    State whether you or anyone to your knowledge removed, altered or failed to install a safety guard or safety device that was provided by the manufacturer of the product involved in the occurrence made the basis of this lawsuit.

ANSWER:

30.    Describe in detail each and every fact you rely upon in support of your affirmative defenses.

ANSWER:

## Requests for Production

1.    Please produce all documents relating to the design (including materials specifications), prototype, testing, assembly and/or manufacture, marketing, distribution, sale, purchase, installation, maintenance, repair, design changes, design alterations, and/or design modifications of the Bosch palm router and offset base with roller guide described in the Complaint.

RESPONSE:

2.    Please produce the documents, videos, and any materials relating to safety procedures, safety guidelines, and/or safety rules for the assembly, use, maintenance, and repair of the palm router and offset base with roller guide described in the Complaint.

RESPONSE:

3.    Please produce all documents or tangible evidence (such as manuals, handbooks, booklets, photographs, specification sheets, videos, and/or brochures) that serve as promotional, marketing, and/or sales materials for the palm router and offset base with roller guide that have been written, published, and/or distributed by or on behalf of the defendants for owners and users of the palm router and offset base with roller guide described in the Complaint.

RESPONSE:

4.     Please produce the documents (for example, lawsuits, customer complaints, items sent to your technical/engineering department, items sent to your customer service department, items sent to your governmental relations department, reports sent to your regulatory/compliance department, items sent to you by the United States Consumer Products Safety Commission a.k.a. "CPSC" and/or the Better Business Bureau a.k.a. "BBB," items sent to you by engineers, reports sent to you by your independent contractors, and/or items sent to you by insurance companies) that show, describe, relate to, indicate, allege, and/or otherwise suggest that there have been any injuries and deaths resulting from the use, maintenance, repair, and modification, and/or use of any palm router and offset base with roller guide for:

(a)     the five-year period preceding August 7, 2020 and

(b)     for all times since August 7, 2020.

RESPONSE:

5.     For the period of time between the date the palm router and offset base with roller guide described in the Complaint first went on sale up to the present, please produce:

(a)     the documents or other tangible evidence that show, indicate, or otherwise set out the issues related to, problems with, and/or criticisms of the design, operation, the function, the use, and/or the features of the palm router and offset base with roller guide described in the Complaint that could pose a risk of bodily injury to the palm router's user, owner, and/or operator; and

(b)     the documents or other tangible evidence that show how, after receiving this report or information, the defendants attempted to prioritize, review, evaluate, investigate, or otherwise validate the issue, problem, or criticism of the palm router and offset base with roller guide.

RESPONSE:

6.     With respect to the palm router and offset base with roller guide, please produce a copy of any warranty claims for the palm router and offset base with roller guide or similar palm routers.

RESPONSE:

7.     Please produce any evaluation, synopsis, analysis, or opinion from any consultant, engineer, mechanic, person, firm or corporation, by whatever name called, who conducted any analysis (including a hazard analysis), evaluation, and/or test to evaluate the overall safety and/or safe use, safe operation, and safe maintenance/repair of the palm router and offset base with roller guide described in the Complaint that occurred <u>before</u> this defendant actually began manufacturing and selling the palm router and offset base with roller guide.

RESPONSE:

9

8.   With regard to the time before this defendant actually began manufacturing and selling the palm router and offset base with roller guide, please produce the written opinions, written results, or documents prepared for the defendant by any consultant, engineer, mechanic, person, firm, or corporation, by whatever name called, who conducted any analysis, hazard analysis, evaluation, and/or test to determine:

   (a)   whether there were any hazards/risks of bodily harm posed by the foreseeable and/or reasonably predictable function, use, and/or operation of the palm router and offset base with roller guide;

   (b)   whether there were any hazards/risks of bodily harm posed by the foreseeable and/or reasonably predictable maintenance/repair of the palm router and offset base with roller guide.

RESPONSE:

9.   With regard to the time after this defendant actually began manufacturing and selling the palm router a and offset base with roller guide and up to the present, please produce the written opinions, written results, or documents prepared for this defendant by any consultant, engineer, mechanic, person, firm, or corporation, by whatever name called, who conducted any analysis, hazard analysis, evaluation, and/or test to determine:

   (a)   whether there were any hazards/risks of bodily harm posed by the foreseeable and/or reasonably predictable function, use, and/or operation of the palm router and offset base with roller guide.

   (b)   whether there were any hazards/risks of bodily harm posed by the foreseeable and/or reasonably predictable maintenance/repair of the palm router and offset base with roller guide.

RESPONSE:

10.   Please produce the documents and tangible evidence that show, indicate, demonstrate, or otherwise evidence:

   (a)   whether this defendant ever anticipated, predicted, and/or believed that the palm router and offset base with roller guide might inadvertently turn on, break, or fail during its intended uses before the date the plaintiff was injured; and

   (b)   the reasons why this defendant anticipated, predicted, and/or believed that the palm router and offset base with roller guide might inadvertently turn on, break, or fail during its intended uses before the plaintiff was injured.

RESPONSE:

11.    Please produce a copy of any letters, statements, correspondence, e-mails, faxes, pamphlets, design materials, memorandum, marketing materials, sales materials, or any other document or tangible evidence that the defendants published or distributed related to the safe operation of the palm router and offset base with roller guide and/or through which the defendants advised, told, or represented to buyers, owners, operators, and end users of the palm router and offset base with roller guide that it was safe to operate.

RESPONSE:

12.    Produce the documents and/or tangible evidence that relate to any recall or retrofit of the palm router and offset base with roller guide described in the Complaint or similar palm routers, generally, as well as any recall or retrofit of the router at issue in this case or similar rourter. (As used in this request, "retrofit" means someone's effort to replace or add equipment to an existing product to improve the product, its safety, efficiency, function, operation, output, or life expectancy. As used in this request, "recall" means someone's demand, request, summons, or other effort [for example, an equipment re-purchase] intended to return a product to its original manufacturer or distributor for any purpose.)

RESPONSE:

13.    Produce a clear, legible copy of the defendants' internal engineering and/or safety standards, rules, policies, procedures, and/or regulations that (a) were written by, created by, promulgated by, and/or published by any of the defendants' employees and (b) pertain to the design, prototype, testing, manufacture, assembly, marketing, installation, operation, and function of the product at issue.

RESPONSE:

14.    For the period of time between the date that the palm router and offset base with roller guide at issue was first designed and up to the present, please produce the documents or other tangible evidence that identifies the people who were and are employed by the defendants who are generally regarded by the defendants as the people most familiar with the design, prototype, testing, manufacture, assembly, marketing, distribution, sale, maintenance, service, and/or repair of the router at issue.

RESPONSE:

15.    Produce the documents that state, show, or otherwise indicate the North American engineering societies, engineering groups, manufacturing societies, manufacturing groups, safety societies, safety groups, trade/industry associations, and/or governmental groups/panels/boards (for example, The Society of Manufacturing Engineering, or The Association for Manufacturing Technology) if any, to which this defendant belongs.

RESPONSE:

16.    Please produce clear, legible copies of all labels, decals, and/or stickers (including, but not

limited to, on-product warnings) that this defendant says should have originally accompanied the palm router and offset base with roller guide at issue for sale and use and any other labels, decals, and/or stickers (including, but not limited to, on-product warnings) that the defendants say should have originally accompanied the router at issue.

RESPONSE:

17.   For the period of time between the date this palm router and offset base with roller guide first went on sale in the United States and up to the present, please produce the documents or other tangible evidence that show or indicate the total number of these palm routers that have been sold.

RESPONSE:

18.   Please produce copies of any lawsuits against this defendant that involves allegation(s) of injuries or death involving any palm router and offset base with roller guide.  Include in your response the state in which the lawsuit was filed, the state or federal trial court (or other tribunal) in which the lawsuit was filed, the name(s) of the plaintiff(s), and the court's case or civil action number.

RESPONSE:

19.   Please produce any documentation in this defendant's possession that has as its subject matter design, manufacture, assembly, distributive chain, service, maintenance, and/or repair of the palm router and offset base with roller guide at issue.  This request is to include any documents that:

(a)   indicate the respective dates the product was designed, tested, assembled, and/or manufactured; and

(b)   the date the product was sold and the name and address of the person or entity to whom the product was sold.

RESPONSE:

20.   Please produce documents that evidence any and all citations, criticisms, reprimands or correspondence with any governmental agency or body because of alleged violations of any federal, state, or local statute or regulation with regard to the design, manufacture, distribution or sale, service, maintenance and/or repair of the palm router and offset base with roller guide described in the complaint or any similar palm router and offset base with roller guide.

RESPONSE:

21.   Please produce copies of any statements, whether recorded or written, taken of the plaintiff or any member of the plaintiff's family at any time.

RESPONSE:

22.    Please produce all statements taken of any witness to the incident made basis of the Complaint at any time.

RESPONSE:

23.    Please produce copies of any safety inspections, quality control inspections, quality inspections or other type of inspection policies or procedures this defendant utilizes with respect to the manufacture of the palm router and offset base with roller guide described in the Complaint or similar palm routers and offset base with roller guide.

RESPONSE:

24.    Please produce copies of any written warranties applicable to this palm router and offset base with roller guide or any similar palm router and offset base with roller guide.

RESPONSE:

25.    Please produce copies of any consumer incident reporting form that have as its subject matter any injuries or deaths resulting from the use of the palm router and offset base with roller guide or any similar palm router and offset base with roller guide.

RESPONSE:

26.    Please produce copies of any adverse event reports in your possession wherein an injury was alleged to have occurred while using a palm router and offset base with roller guide manufactured by Bosch of any kind.  This request includes, but is not limited to, any incidents/occurrences of components breaking or any other method of failure.

RESPONSE:

                                        Respectfully submitted,

                                        /s/Jeffrey C. Kirby_____
                                        One of the Plaintiff's Attorneys

Of Counsel for the Plaintiff
Jeffrey C. Kirby, Esquire
Chandler O. Kirby, Esquire
Kirby Law, P.C.
One Independence Plaza Drive, Suite 520
Birmingham, Alabama 35209
Phone: (205) 458-3553
Fax: (205) 458-3589

## <u>REQUEST FOR CERTIFIED MAIL SERVICE BY CLERK</u>

The Plaintiff hereby requests that the clerk serve the Defendants by Certified Mail, return receipt requested pursuant to Rule 4.1(c) of the Alabama Rules of Civil Procedure.

Robert Bosch Tool Corporation
c/o Corporation Service Company Inc
641 South Lawrence Street
Montgomery, AL 36104



AlaFile E-Notice

63-CV-2022-900572.00

To:  JEFFREY C. KIRBY
     jkirby@kirbyjohnsonlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

JONATHAN BANKS V. ROBERT BOSCH TOOL CORPORATION
63-CV-2022-900572.00

The following complaint was FILED on 7/5/2022 2:35:58 PM

Notice Date:     7/5/2022 2:35:58 PM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2022-900572.00

To:   ROBERT BOSCH TOOL CORPORATION
      CO CORPORATION SERVICE CO
      641 SOUTH LAWRENCE STREET
      MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

JONATHAN BANKS V. ROBERT BOSCH TOOL CORPORATION
63-CV-2022-900572.00

The following complaint was FILED on 7/5/2022 2:35:58 PM

Notice Date:     7/5/2022 2:35:58 PM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>63-CV-2022-900572.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA
## JONATHAN BANKS V. ROBERT BOSCH TOOL CORPORATION

**NOTICE TO:** ROBERT BOSCH TOOL CORPORATION, CO CORPORATION SERVICE CO 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JEFFREY C. KIRBY
,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: One Independence Plaza Dr., Ste. 520, BIRMINGHAM, AL 35209
.

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JONATHAN BANKS
*[Name(s)]*
pursuant to the Alabama Rules of the Civil Procedure.

| 07/05/2022 | /s/ MAGARIA HAMNER BOBO | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.        /s/ JEFFREY C. KIRBY

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                    *(Name of County)*

Alabama on _____ .

*(Date)*

_____        _____

*(Type of Process Server)*        *(Server's Signature)*        *(Address of Server)*

_____

*(Server's Printed Name)*        *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>63-CV-2022-900572.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA**
**JONATHAN BANKS V. ROBERT BOSCH TOOL CORPORATION**

**NOTICE TO:** ROBERT BOSCH TOOL CORPORATION, CO CORPORATION SERVICE CO 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JEFFREY C. KIRBY

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: One Independence Plaza Dr., Ste. 520, BIRMINGHAM, AL 35209

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JONATHAN BANKS pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 07/05/2022 | /s/ MAGARIA HAMNER BOBO | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ JEFFREY C. KIRBY
                                               *(Plainti...*

**RETURN O...**

☐ Return receipt of certified mail received in this office on ...

☐ I certify that I personally delivered a copy of this Summo...

_____ in ...

_____ *(Name of Person Served)*

Alabama on _____

*(Date)*

_____      _____
*(Type of Process Server)*      *(Server's Signature)*

_____
*(Server's Printed Name ...*

**63-CV-2022-...**
JONATHAN BANKS V. ROBERT B...

C001 - JONATHAN BANKS          v.
*(Plaintiff)*

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

**OFFICIAL USE**

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage                                          Postmark
$                                                  Here

$9.10

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

D001 - ROBERT BOSCH TOOL CORPORATION
*(Defendant)*

**SERVICE RETURN COPY**

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X *Kelly Webster*    ☑ Agent  ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

7-7-22

1. Article Addressed to:

Robert Bosch Tool Corporation
co corporation service co
1941 South Lawrence St.
Montgomery AL 36104

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

MONTGOMERY COUNTY AL

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 7199 1284 7735 12

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ~~Insured Mail~~
   Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*

7021 0950 0000 6437 9935

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

## USPS TRACKING #



9590 9402 7199 1284 7735 12

**United States**
**Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

MAGARIA H. **BOBO**

714 GREENSBORO AVE., **RM.** 214

TUSCALOOSA  35401





AlaFile E-Notice

63-CV-2022-900572.00

Judge: JAMES H. ROBERTS JR.

To:  KIRBY JEFFREY CONETT
     jkirby@kirbyjohnsonlaw.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

JONATHAN BANKS V. ROBERT BOSCH TOOL CORPORATION
63-CV-2022-900572.00

The following matter was served on 7/7/2022

**D001 ROBERT BOSCH TOOL CORPORATION**

**Corresponding To**

CERTIFIED MAIL

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2022-900572.00

Judge: JAMES H. ROBERTS JR.

To:  KIRBY CHANDLER OSBORN
     ckirby@kirbyjohnsonlaw.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

JONATHAN BANKS V. ROBERT BOSCH TOOL CORPORATION
63-CV-2022-900572.00

The following matter was served on 7/7/2022

**D001 ROBERT BOSCH TOOL CORPORATION**
**Corresponding To**
CERTIFIED MAIL

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov

ELECTRONICALLY FILED
7/14/2022 11:28 AM
63-CV-2022-900572.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

**STATE OF ALABAMA**   Revised 3/5/08   Cas...

Unified Judicial System

63-TUSCALOOSA          ☐ District Court   ☑ Circuit Court   CV20...

JONATHAN BANKS V. ROBERT BOSCH TOOL CORPORATION

**CIVIL MOTION COVER SHEET**

*Name of Filing Party:* ZI -  Alabama Self-Insured Worker's Compensation Fund

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

STEVEN TODD MCMEEKIN

3000 Riverchase Galleria, Suite 975

Hoover, AL 35244

*Attorney Bar No.:*  MCM018

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| | ☐ Designate a Mediator |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Extension of Time |
| ☑ Motion to Intervene ($297.00) | ☐ In Limine |
| ☐ Other _____ | ☐ Joinder |
| pursuant to Rule _____ ($50.00) | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| ☐ Local Court Costs $  0 | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees)  ☐

Date:

7/14/2022 11:27:02 AM

Signature of Attorney or Party

/s/ STEVEN TODD MCMEEKIN

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
7/14/2022 11:28 AM
63-CV-2022-900572.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY

| | | |
|---|---|---|
| JONATHAN BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-22-900572 |
| | ) | |
| ROBERT BOSCH POWER TOOL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR CONDITIONAL INTERVENTION

Comes now Alabama Self-Insured Worker's Compensation Fund, and moves this Court for an order granting leave to intervene in this action in order to assert a worker's compensation claim or lien as set forth in its proposed complaint, a copy of which is attached hereto.

1.  This claim is asserted on the grounds that your movant was the worker's compensation carrier for the employer, Remmert & Company, Inc., of Jonathan Banks, at the time this cause of action arose and as such your movant has made payments in compensation to Mr. Banks or has caused payments to be made to him under the Worker's Compensation Laws of the State of Alabama.

2.  Suit has been brought by Jonathan Banks for the purpose of recovering damages sustained by him arising out of the same transaction for which he has received workers' compensation benefits.

3.  By virtue of the payments made by Alabama Self-Insured Worker's Compensation Fund to Jonathan Banks under Alabama's worker's compensation laws, your petitioner is subrogated to the rights of the plaintiff to the extent to said payment and will be entitled to a credit against any future payments which it is obligated to make, said credit being in the amount of any judgment plaintiff obtains against any of the defendants, as said petitioner is entitled to intervene in the cause of action as a matter of right pursuant to section 25-5-11(a) Ala. Code 1975.

_____
Steven T. McMeekin

OF COUNSEL:
Pope & McMeekin, P.C.
3000 Riverchase Galleria, Suite 975
Birmingham, Alabama   35244
(205) 802-7455

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the _14_ day of _July_, 2022, I electronically filed the foregoing pleading with the Clerk of Court who will send notification of such filing to the following:

Jeffrey C. Kirby, Esquire
Kirby Law, P.C.
One Independence Drive, Suite 520
Birmingham, Alabama    35209
(205) 458-3553

Robert Bosch Tool Corporation
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, Alabama    36104

_____
Of Counsel

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

| | | |
|---|---|---|
| JONATHAN BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-22-900572 |
| | ) | |
| ROBERT BOSCH POWER TOOL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT IN INTERVENTION

COMES NOW, Alabama Self-Insured Worker's Compensation Fund, a corporation, and for its complaint in intervention as a party plaintiff in the above-styled cause avers unto this Court as follows:

1.   That on to-wit August 7, 2020, Alabama Self-Insured Worker's Compensation Fund was the workers' compensation carrier for Remmert & Company, Inc. and that on said date August 7, 2020, Jonathan Banks was an employee of Remmert & Company, Inc., and was allegedly engaged in the line and scope of his employment for said company when, at the time and place and on the date referred to in his complaint, he was allegedly injured while under the employment of the employer by an accident that allegedly arose out of and in the course of his employment.   As a proximate consequence thereof, he sustained a bodily injury which resulted in the payment of workers' compensation benefits under the workers' compensation laws of the State of Alabama.

2.   Jonathan Banks has filed a suit in the Circuit Court of Tuscaloosa County, Alabama, wherein he is claiming damages against various third-parties, arising out of the accident made the basis of his claim for benefits aforesaid.

3.   At the time Mr. Banks allegedly sustained injuries, he and his employer were subject to the provisions of the workers' compensation laws of the State of Alabama.

4.   Intervenor, Alabama Self-Insured Worker's Compensation Fund, claims of the defendants damages for the sum of money as paid to the plaintiff under the terms of the Worker's Compensation Act which now totals approximately $39,273.88 in compensation benefits and $145,032.75 in medical benefits and further claims, as a credit against future payments to the plaintiff, the amount of any damages the plaintiff obtains in a judgment against the defendants.

_____

Steven T. McMeekin

OF COUNSEL:
Pope & McMeekin, P.C.
3000 Riverchase Galleria, Suite 975
Birmingham, Alabama    35244
(205) 802-7455

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on the _____ day of _____, 2022, I electronically filed the
foregoing pleading with the Clerk of Court who will send notification of such filing to the
following:

Jeffrey C. Kirby, Esquire
Kirby Law, P.C.
One Independence Drive, Suite 520
Birmingham, Alabama    35209
(205) 458-3553

Robert Bosch Tool Corporation
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, Alabama    36104

_____

Of Counsel



AlaFile E-Notice

63-CV-2022-900572.00

Judge: JAMES H. ROBERTS JR.

To:   STEVEN TODD MCMEEKIN
      jennifer@wpmlawfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

JONATHAN BANKS V. ROBERT BOSCH TOOL CORPORATION
63-CV-2022-900572.00

The following matter was FILED on 7/14/2022 11:27:52 AM

ZI   ALABAMA SELF-INSURED WORKER'S COMPENSATION FUND
MOTION TO INTERVENE

[Filer: MCMEEKIN STEVEN TODD]

Notice Date:     7/14/2022 11:27:52 AM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2022-900572.00

Judge: JAMES H. ROBERTS JR.

To:  ROBERT BOSCH TOOL CORPORATION (PRO SE)
CO CORPORATION SERVICE CO
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

JONATHAN BANKS V. ROBERT BOSCH TOOL CORPORATION
63-CV-2022-900572.00

The following matter was FILED on 7/14/2022 11:27:52 AM

ZI   ALABAMA SELF-INSURED WORKER'S COMPENSATION FUND
MOTION TO INTERVENE
[Filer: MCMEEKIN STEVEN TODD]

Notice Date:     7/14/2022 11:27:52 AM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2022-900572.00

Judge: JAMES H. ROBERTS JR.

To:  KIRBY JEFFREY CONETT
     jkirby@kirbyjohnsonlaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

JONATHAN BANKS V. ROBERT BOSCH TOOL CORPORATION
63-CV-2022-900572.00

The following matter was FILED on 7/14/2022 11:27:52 AM

ZI   ALABAMA SELF-INSURED WORKER'S COMPENSATION FUND
MOTION TO INTERVENE
[Filer: MCMEEKIN STEVEN TODD]

Notice Date:     7/14/2022 11:27:52 AM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2022-900572.00

Judge: JAMES H. ROBERTS JR.

To: KIRBY CHANDLER OSBORN
ckirby@kirbyjohnsonlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

JONATHAN BANKS V. ROBERT BOSCH TOOL CORPORATION
63-CV-2022-900572.00

The following matter was FILED on 7/14/2022 11:27:52 AM

ZI   ALABAMA SELF-INSURED WORKER'S COMPENSATION FUND
MOTION TO INTERVENE
[Filer: MCMEEKIN STEVEN TODD]

Notice Date:     7/14/2022 11:27:52 AM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov

ELECTRONICALLY FILED
7/14/2022 2:15 PM
63-CV-2022-900572.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

# IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

| | | |
|---|---|---|
| BANKS JONATHAN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No.:     CV-2022-900572.00 |
| | ) | |
| ROBERT BOSCH TOOL | ) | |
| CORPORATION, | ) | |
| Defendant. | ) | |

## ORDER

MOTION TO INTERVENE filed by ALABAMA SELF-INSURED WORKER'S COMPENSATION FUND is hereby GRANTED.

**DONE this 14th day of July, 2022.**

/s/ JAMES H. ROBERTS JR.
_____
**CIRCUIT JUDGE**



AlaFile E-Notice

63-CV-2022-900572.00

Judge: JAMES H. ROBERTS JR.

To: KIRBY JEFFREY CONETT
jkirby@kirbyjohnsonlaw.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

JONATHAN BANKS V. ROBERT BOSCH TOOL CORPORATION
63-CV-2022-900572.00

A court action was entered in the above case on 7/14/2022 2:15:05 PM

ORDER

[Filer: ]

Disposition:     GRANTED
Judge:           JHR

Notice Date:     7/14/2022 2:15:05 PM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2022-900572.00

Judge: JAMES H. ROBERTS JR.

To:  KIRBY CHANDLER OSBORN
     ckirby@kirbyjohnsonlaw.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

JONATHAN BANKS V. ROBERT BOSCH TOOL CORPORATION
63-CV-2022-900572.00

A court action was entered in the above case on 7/14/2022 2:15:05 PM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          JHR

Notice Date:    7/14/2022 2:15:05 PM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2022-900572.00

Judge: JAMES H. ROBERTS JR.

To:  MCMEEKIN STEVEN TODD
     jennifer@wpmlawfirm.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

JONATHAN BANKS V. ROBERT BOSCH TOOL CORPORATION
63-CV-2022-900572.00

A court action was entered in the above case on 7/14/2022 2:15:05 PM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          JHR

Notice Date:    7/14/2022 2:15:05 PM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2022-900572.00

Judge: JAMES H. ROBERTS JR.

To:  ROBERT BOSCH TOOL CORPORATION (PRO SE)
CO CORPORATION SERVICE CO
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL, 36104-0000

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

JONATHAN BANKS V. ROBERT BOSCH TOOL CORPORATION
63-CV-2022-900572.00

A court action was entered in the above case on 7/14/2022 2:15:05 PM

ORDER

[Filer: ]

Disposition:     GRANTED
Judge:           JHR

Notice Date:     7/14/2022 2:15:05 PM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

| | | |
|---|---|---|
| JONATHAN BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-22-900572 |
| | ) | |
| ROBERT BOSCH POWER TOOL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT IN INTERVENTION

COMES NOW, Alabama Self-Insured Worker's Compensation Fund, a corporation, and for its complaint in intervention as a party plaintiff in the above-styled cause avers unto this Court as follows:

1.      That on to-wit August 7, 2020, Alabama Self-Insured Worker's Compensation Fund was the workers' compensation carrier for Remmert & Company, Inc. and that on said date August 7, 2020, Jonathan Banks was an employee of Remmert & Company, Inc., and was allegedly engaged in the line and scope of his employment for said company when, at the time and place and on the date referred to in his complaint, he was allegedly injured while under the employment of the employer by an accident that allegedly arose out of and in the course of his employment.    As a proximate consequence thereof, he sustained a bodily injury which resulted in the payment of workers' compensation benefits under the workers' compensation laws of the State of Alabama.

2.      Jonathan Banks has filed a suit in the Circuit Court of Tuscaloosa County, Alabama, wherein he is claiming damages against various third-parties, arising out of the accident made the basis of his claim for benefits aforesaid.

3.      At the time Mr. Banks allegedly sustained injuries, he and his employer were subject to the provisions of the workers' compensation laws of the State of Alabama.

4.      Intervenor, Alabama Self-Insured Worker's Compensation Fund, claims of the defendants damages for the sum of money as paid to the plaintiff under the terms of the Worker's Compensation Act which now totals approximately $39,273.88 in compensation benefits and $145,032.75 in medical benefits and further claims, as a credit against future payments to the plaintiff, the amount of any damages the plaintiff obtains in a judgment against the defendants.

Steven T. McMeekin

OF COUNSEL:
Pope & McMeekin, P.C.
3000 Riverchase Galleria, Suite 975
Birmingham, Alabama    35244
(205) 802-7455

## CERTIFICATE OF SERVICE

I hereby certify that on the _10_ day of _July_ , 2022, I electronically filed the foregoing pleading with the Clerk of Court who will send notification of such filing to the following:

Jeffrey C. Kirby, Esquire
Kirby Law, P.C.
One Independence Drive, Suite 520
Birmingham, Alabama    35209
(205) 458-3553

Robert Bosch Tool Corporation
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, Alabama    36104

Of Counsel